[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-14264
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 24, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 08-00026-CR-1-SLB-PWG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LEE ANDRE TURNER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(April 24, 2009)

Before TJOFLAT, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

Lee Andre Turner appeals his 48-month sentence for possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Turner argues the district court failed to identify and explain its specific reasons for sentencing him above the guidelines range.

"We review the final sentence imposed by the district court for reasonableness." *United States v. Agbai*, 497 F.3d 1226, 1229 (11th Cir. 2007). This review is conducted using the "deferential abuse-of-discretion standard," regardless of whether the defendant's sentence is inside or outside of the guideline sentencing range. *Gall v. United States*, 128 S. Ct. 586, 591 (2007).

The district court must impose a sentence that is both procedurally and substantively reasonable. *Id.* at 597. Turner does not challenge his sentence's substantive reasonableness; rather, he argues the court failed to sufficiently explain why it imposed the upward variance. A sentence is procedurally unreasonable if the district court, *inter alia*, failed to adequately explain its reasoning. *Id.* Although a district court must consider the sentencing factors set forth in § 3553(a), it is not required to explicitly state it has considered each factor or to discuss each factor, but should explain why a variance has been imposed. *United States v. Pugh*, 515 F.3d 1179, 1191 n.8 (11th Cir. 2008). The § 3553(a) factors a district court must consider include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.

*United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005) (citing 18 U.S.C. § 3553(a)).  In explaining its reasons for the sentence, the district court "must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing."  *Gall*, 128 S. Ct. at 597.  If the district court "decides that an outside-Guidelines sentence is warranted, he must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance."  *Id.*

At Turner's sentencing hearing, the court stated it had considered the § 3553(a) factors in determining the length of a reasonable sentence.  In fact, the district court went further, explaining that the upper limit of Turner's guideline sentencing range was not severe enough to adequately punish Turner's past criminal conduct and deter him from committing future crimes.  The court noted the serious nature of Turner's criminal history, and was particularly concerned

3

about the crimes he committed shortly after serving a prison sentence for first degree attempted assault and second degree assault. The court's discussion clearly indicates it imposed the upward variance based on the nature and circumstances of Turner's offense, Turner's violent history, the need to reflect the seriousness of the firearm offense and provide just punishment, and the need for deterrence. Although the district court did not specifically list and discuss each of the § 3553(a) factors, it was not required to do so, and the record indicates the court considered the parties' arguments as well as the guideline range and the § 3553(a) factors and explained its reasons for varying upward from the guideline range. This is all that is required. *See Gall*, 128 S. Ct. at 597; *Pugh*, 515 F.3d at 1191 n.8. Because the district court adequately explained its reasoning, it did not abuse its discretion in varying upward from Turner's guideline sentencing range. Accordingly, we affirm Turner's sentence.

**AFFIRMED.**